UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHELTON PROPERTIES, L.L.C. | ) |
| | ) CASE NO. |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| BRCD HOLDINGS LLC | ) |
| | ) JULY 5, 2017 |
| Defendant. | ) |

## COMPLAINT

Plaintiff, Shelton Properties, L.L.C., brings this Complaint for trademark infringement and unfair competition, and hereby alleges as follows:

## PARTIES

1. Plaintiff Shelton Properties, L.L.C. ("Shelton") is a company organized under the laws of Connecticut with a principal place of business at 7 Acadia Lane, Shelton, Connecticut 06484.

2. Defendant BRCD Holdings LLC ("BRCD") is a company organized under the laws of Delaware with a principal place of business at 1375 Kings Hwy. East, Fourth Floor, Fairfield, Connecticut 06824.

## JURISDICTION

3. This is an action for injunctive and monetary relief arising under the Trademark Act, 15 U.S.C. § 1051 *et seq.*, and the laws of Connecticut. The State law claims in this action arise out of the same operative facts as the substantive federal claim to which they are joined.

4. Original and supplemental jurisdiction is vested in this Court by virtue of 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 in that these claims are brought to

address an actual controversy between the parties arising under the federal trademark laws, and the claims of trademark infringement and unfair competition under the State laws are joined with substantial and related claims under the Trademark Act. Original jurisdiction is also vested in this Court by virtue of 28 U.S.C. § 1332(a)(1) in that the matter in controversy is between citizens of different States (Connecticut and Delaware) and the value exceeds $ 75,000, exclusive of interest and costs. Venue is proper in this district under 28 U.S.C. § 1391(b).

## FACTUAL BACKGROUND

5. Shelton is a residential real estate developer and manager in Connecticut. In particular, Shelton operates the apartment complex branded as THE MARK Fairfield County in Shelton CT. This trademark by Shelton appears on its website, signage, and marketing materials in the following form ("Shelton's trademark"):



6. Shelton began marketing for this property in November 2015 using Shelton's trademark. Shelton's trademark has been continuously used in commerce since November 2015, and it identifies and distinguishes Shelton as the source for its services in the real estate field. Shelton's trademark has become an intrinsic and essential part of the valuable goodwill and property of Shelton, and it is well known and established to consumers and in the trade as symbols identifying Shelton.

7. On March 17, 2017, Shelton secured from the State of Connecticut two trademark registrations covering Shelton's trademark. Specifically, it owns Registration

No. 39464810 for the stylized logo shown above including the color red and Registration No. 39464811 for just the word mark THE MARK FAIRFIELD COUNTY, both registrations cover real estate development and apartment leasing and management services. Copies of these two registrations are attached hereto as Exhibit A and incorporated herein.

8.  In early March 2017, Shelton learned that BRCD was marketing an apartment complex known as TRADEMARK Fairfield and that this apartment complex was due to open in the Spring of 2017.

9.  BRCD uses the following logo in marketing to identify the apartment complex known as Trademark Fairfield:



10.  BRCD also uses just the word "Trademark" in marketing for the apartment complex, including phrases such as "Discover a Trademark lifestyle."

11.  Shelton, through its attorney's letter dated March 16, 2017, notified BRCD of Shelton's trademark, that BRCD's use of TRADEMARK Fairfield was infringing Shelton's rights, and that BRCD must cease use of TRADEMARK Fairfield. A copy of this letter is attached hereto as Exhibit B and incorporated herein. BRCD did not agree to cease use of TRADEMARK Fairfield.

12.  A search of the Internet using the Google brand search engine for the words "mark fairfield apartments" (actual search not in quotation marks) discloses that Shelton's apartment complex identified by Shelton's trademark is the first organic listing; however, prior to and directly above Shelton's listing a sponsored ad has

appeared showing BRCD's TRADEMARK Fairfield apartment complex. A screen shot of the webpage showing these search results is attached hereto as Exhibit C and incorporated herein. A search for the same wording at Yahoo.com discloses that the listings of both Shelton and BRCD may show up on the same page. (Search results through Google or Yahoo are known to vary as caused by various factors for the individual user, including the browser, the searcher's history and other factors.)

13. BRCD's use of TRADEMARK Fairfield has caused, and is causing, actual confusion in the marketplace and irreparable harm to Shelton by creating a likelihood of confusion as to the source, sponsorship and/or approval of the services identified by TRADEMARK Fairfield, and through the depreciation of Shelton's valuable goodwill and reputation symbolized by the distinctive Shelton's trademark. BRCD's unlawful acts, unless restrained, are likely to continue causing such irreparable harm to Shelton, and Shelton has no adequate remedy at law for this injury.

**FIRST CLAIM FOR RELIEF -- (TRADEMARK INFRINGEMENT AND FALSE DESIGNATION OF ORIGIN)**

14. Shelton re-alleges and incorporates herein the allegations contained in paragraphs 1 through 13 above as if fully set forth herein.

15. As a complete and first ground for relief, BRCD's aforesaid acts constitute trademark infringement in violation of 15 U.S.C. § 1125(a)(1)(A), thereby invoking and making available to Shelton the remedies provided by 15 U.S.C. §§ 1116—1118.

## SECOND CLAIM FOR RELIEF -- (TRADEMARK INFRINGEMENT OF CONNECTICUT REGISTERED TRADEMARKS)

16. Shelton re-alleges and incorporates herein the allegations contained in paragraphs 1 through 13 above as if fully set forth herein.

17. As a complete and second ground for relief, BRCD's aforesaid acts constitute trademark infringement in violation of Conn. Gen. Stat. § 35-11i(a), thereby invoking and making available to Shelton the remedies provided by Conn. Gen. Stat. § 35-11i(b).

## THIRD CLAIM FOR RELIEF -- (CONNECTICUT COMMON LAW UNFAIR COMPETITION)

18. Shelton re-alleges and incorporates herein the allegations contained in paragraphs 1 through 13 above as if fully set forth herein.

19. As a complete and third ground for relief, BRCD's aforesaid acts constitute unfair competition, including trademark infringement, under the common law of Connecticut, thereby invoking and making available to Shelton the remedies of injunctive relief and monetary compensation as provided under this law.

## FOURTH CLAIM FOR RELIEF -- (CONNECTICUT UNFAIR TRADE PRACTICES ACT)

20. Shelton re-alleges and incorporates herein the allegations contained in paragraphs 1 through 13 above as if fully set forth herein.

21. As a complete and fourth ground for relief, BRCD's aforesaid acts constitute unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce under the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110b(a), thereby invoking and making available to Shelton the

remedies under Section 42-110g(a) and (d), including injunctive relief and monetary compensation as provided under this law.

## PRAYER FOR RELIEF

**WHEREFORE**, Shelton prays for the following relief:

1. Judgment that:

   Shelton's trademark THE MARK FAIRFIELD COUNTY is valid, enforceable and the exclusive property of Shelton; and

   BRCD has infringed Shelton's trademark and competed unfairly with Shelton, and that such infringement and unfair competition has been willful.

2. That BRCD, and each of its officers, agents, servants, employees, successors and assigns, and all persons in active concert or participation with them, be enjoined, preliminarily and permanently, from:

   A. Using in any manner Shelton's trademark, or any other mark which so resembles said mark, including the mark TRADEMARK Fairfield, as to be likely to cause confusion, deception or mistake, on or in connection with the advertising, offering for sale or sale of any product or service which is not authorized by Shelton;

   B. Using any false or misleading designation of origin which tends to pass off BRCD's services as those of Shelton; and

   C. Any conduct that otherwise infringes Shelton's trademark or competes unfairly with Shelton.

3. An order directing Defendants to deliver to Shelton, for destruction or other disposition, any and all marketing materials or any other printed matter in their possession or control bearing Shelton's trademark, or any other mark which so

resembles Shelton's trademark, including the mark TRADEMARK Fairfield, as to be likely to cause confusion, mistake or deception.

4. That BRCD, within 30 days after service of judgment, be required to file with the Court, and serve upon Shelton, a written report under oath setting forth in detail the manner in which BRCD has complied with paragraphs 2 and 3 above.

5. An accounting of all profits received by BRCD from the sale or lease of apartments or any services in connection with its acts of infringement and unfair competition.

6. An award of the actual damages sustained by Shelton on account of BRCD's infringement and unfair competition.

7. That this Court order BRCD to pay treble damages and/or profits in view of their infringement and unfair competition.

8. That BRCD pay all costs, disbursements and attorney's fees incurred in this matter.

9. That Shelton be awarded interest, including prejudgment interest, for any monetary award of damages.

10. For such other and further relief as this Court deems just and proper.

THE PLAINTIFF,
SHELTON PROPERTIES, L.L.C.

By: /s/ Michael Kurs
Michael Kurs (ct02506)
Pullman & Comley, LLC
90 State House Square
Hartford, CT  06103-3702
Telephone 860-424-4331
E-mail:  mkurs@pullcom.com
Its Attorney

**OF COUNSEL:**

Michael Culver, Esq.
Millen White Zelano & Branigan PC
2200 Clarendon Blvd., Suite 1400
Arlington, VA 22201
Telephone 703-243-6333
Facsimile  703-243-6410
E-mail:  culver@mwzb.com